FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDLES P. TOMPKINS, | No. 09-35336 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00195-FVS |
| v. | |
| SPOKANE COUNTY, Washington; CINDY NORTH JONES; OZZIE KNEZOVICH, | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted February 3, 2010**
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

This lawsuit arises from Detective Cindy North-Jones's arrest of Randles

Tompkins on April 17, 2009 on the charge of stalking Stephanie Janzen.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tompkins brought a claim in the Eastern District of Washington under 42 U.S.C. § 1983, claiming that North-Jones arrested him without probable cause. On appeal, Tompkins challenges the district court's order granting summary judgment to North-Jones. Tompkins does not challenge the district court's order as to the other defendants.

We affirm the district court's grant of summary judgment. North-Jones is entitled to qualified immunity because she reasonably concluded that she had probable cause to arrest Tompkins for the crime of stalking. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987*).*

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party to determine the presence of any issues of material fact. *See Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004).

A person commits the crime of stalking, under Washington law, when: (1) the stalker intentionally and repeatedly harasses another person; (2) the person being harassed is placed in reasonable fear for themselves or another person; and (3) the stalker intends, knows, or reasonably should know that the person being harassed is intimidated or afraid. Wash. Rev. Code § 9A.46.110(1).

A No-Contact Order had been issued against Tomkins after a full hearing. Janzen's court-appointed legal guardian, Charlotte Wolverton, repeatedly expressed to the police a fear that Tompkins was a threat to Janzen. Tompkins's own statements to the police confirmed his attempts to contact Janzen despite the No-Contact Order. Additionally, it was reported to North-Jones that Tompkins tried to visit Janzen while she was in the hospital and ignored her requests that he leave. "Attempts to contact or follow the person after being given actual notice that the person does not want to be contacted or followed constitutes prima facie evidence that the stalker intends to intimidate or harass the person." Wash. Rev. Code § 9A.46.110(4).

Having determined that North-Jones is entitled to qualified immunity because she reasonably concluded that she had probable cause to arrest Tompkins for stalking, we decline to decide whether she actually had probable cause. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (Jan. 21, 2009).

**AFFIRMED.**



***Tompkins v. Spokane County*, Case No. 09-35336**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.